|  |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HAND,<br><br>    Petitioner,<br><br>    v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>    Respondent. | Case No. CV 10-3582 DDP (JCG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation.

Even assuming a later start date of June 6, 2005, (*see* Opp. at 2; Objs. at 1-3), the date the Supreme Court published *People v. Salazar*, 35 Cal.4th 1031 (2005), the instant Petition is still untimely. From June 6, 2005 until June 6, 2006, Petitioner did not file any state habeas petitions. As such, he is not entitled to any statutory tolling. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his state habeas petition approximately ten months after the AEDPA limitation period ended, "[t]hat delay resulted in an absolute time bar"). Petitioner did not file the instant Petition until May 13, 2010, over three years and eleven months after the limitation period had already expired. *See also Martin v. Hubbard*, 2009 WL 80354,

at *4 (E.D. Cal. 2009) (even assuming later start date, petition is still untimely).

Thus, having made a *de novo* determination of the portions of the Report and Recommendation to which the Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge's Report and Recommendation.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. As a result, a Certificate of Appealability ("COA") is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a court dismisses a petition on procedural grounds, a COA should issue only when a "prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[]") (emphasis added).

Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.
2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.
3. A Certificate of Appealability is denied.

DATED: September 20 , 2011.

_____
HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE